Samuel C. Coleman, J.
The plaintiff, Railway Express Agency, Inc. sues to recover freight charges for the transportation of tomatoes from Arizona to New York. Arrangements *1039 for transportation were made with the plaintiff by the consignor. The tomatoes were consigned to the consignor, shipper but, en route, the shipment was directed to be delivered to the defendant. The suit is against him on the ground that by accepting delivery he made himself liable for the freight charges. The plaintiff has moved for summary judgment; and so has the defendant, the latter on the ground that as he was acting only as agent for others with relation to the shipment, had no beneficial interest in it and had so notified the delivering carrier, he is not liable for the charges (XT. S. Code, tit. 49, § 3, subd. [3]).
The plaintiff agrees with the defendant, as it must, that if arrangements for transportation had been made by the shipper in Arizona with a railroad carrier instead of with an express company, the notice referred to above — given to the delivering carrier — would have relieved the defendant from the payment of freight charges (XT. S. Code, tit. 49, § 3, subd. [3]).
But, says the plaintiff, although it is a common carrier — as an express company, it stands in a special position as to whom the provision in question here does not apply. It is the only “ carrier ”, it says; there is no “ connecting ” or “ delivering carrier ”; there can be no other carrier and for the defendant to be relieved of responsibility he must have given the required notice to the plaintiff itself.
I think the plaintiff’s position is mistaken. Of course the plaintiff is a “ common carrier ’ ’. Express companies were specifically included in the meaning of “ common carriers ” by the act of June 29, 1906 (34 U. S. Stat. 584), amending the Interstate Commerce Act and by that amendment they became subject to the provisions of the act, to the same extent as though they had been named in the original act (United States v. Wells Fargo Express Co., 161 F. 606, affd. 212 U. S. 522). The status of the Railway Express therefore is analogous to that of a carrier by rail. If the plaintiff had used its own facilities for the transportation of goods throughout the transit it would of course have been the only carrier and the defendant’s notice would have had to be given to it. But it was not the only carrier; and, for the purpose here, it was like an initial carrier by rail. Its receipt to the consignor indicated that there were to be at least two carriers by rail; and it is common knowledge that the plaintiff does not transport across the continent by its own facilities but uses those of railroads. Of necessity therefore there was to be a u delivering carrier ”, defined in the very section in question as the ‘ ‘ line-haul carrier making ultimate delivery ”, a statutory recognition of the fact that transportation arranged through an express company con *1040 templates the use of a “ delivering carrier ” (amdt. of Sept. 18, 1940; 54 U. S. Stat. 902). That this is so is recognized by the plaintiff itself in its uniform express receipt which makes the provisions of the receipt binding upon “ all carriers handling this shipment ” and which requires claims to be made within a fixed time to the “ orginating or delivering carriers ”. (Terms and conditions, els. 6, 7.) There was notice to the “ delivering carrier ’ ’ within the meaning of the statute.
In any case, and apart from statutory provision, as the plaintiff has no transportation facilities of its own “ The railroad company * * * was the agent of somebody: either of the express company, or of the shippers or consignees of the property. That it was the agent of the defendants [express company] is quite clear ” (Bank of Kentucky v. Adams Express Co., 93 U. S. 174, 182). And if notice was required to be given to the plaintiff, it seems to me that notice to the last carrier it employed to effect delivery of the merchandise entrusted to it was notice to it through its chosen agent.
The plaintiff’s motion for summary judgment is denied; that of the defendant is granted and the complaint dismissed.